WILLIAM E. BARRETT & COMPANY *vs.* MARCUS A. FRANKLIN *et al.*

A., a trader, gave to B. a mortgage on his stock of goods. B., at the foot of the mortgage, signed the following memorandum:

"I, B. the afore named, hereby appoint A. within named, to sell and dispose of the within named articles of personal property at public or private sale, and to replace with other property of like kind, and sell and dispose of such new stock in like manner as he may see fit."

*Held,* that this memorandum could not as a matter of law be construed as making A. the agent of B. for the purchase and sale of goods, as it might equally well be construed a mere waiver of B.'s right to take possession of chattels sold in the ordinary course of business.

EXCEPTIONS to the Court of Common Pleas.

*July* 14, 1883.   CARPENTER, J.   This is an action of *assumpsit* in which the plaintiffs seek to charge the defendants jointly for the price of goods sold and delivered.   The defendant Marcus A. Franklin was a trader and owned a stock of goods.   He made to the defendant Matilda Franklin two mortgages of this stock of goods, both of which contained the provision, that "If the said Marcus A. Franklin shall sell or attempt to sell the same or any part thereof without the written assent of the said Matilda Franklin to do so," then the defendant Matilda Franklin might take immediate possession of the whole of the mortgaged property. At the foot of these mortgages respectively were written the following sentences, each signed by Matilda Franklin:

"I, Matilda Franklin the afore named, hereby appoint Marcus A. Franklin within named, to sell and dispose of the within named articles of personal property at public or private sale, and to replace with other property of like kind, and sell and dispose of such new stock in like manner as he may see fit."

"I, Matilda Franklin the afore named, hereby appoint Marcus A. Franklin the within named, to sell and dispose of the within

named property either at public or private sale, and to replenish with other property of like kind, and sell and dispose of the same in like manner as before."

The court instructed the jury that the above " provisions constituted the relation of principal and agent between said Matilda Franklin and Marcus A. Franklin." The jury found for the plaintiffs, and the defendants alleged exceptions.

We think the instruction was erroneous. We can suppose such a state of the proof in which the jury might find, from consideration of the dealings of the two defendants with each other, that one was the agent of the other, and that the instruments above recited were intended by Matilda Franklin to constitute such relation ; but we do not think so much is to be inferred, as matter of law, from the words of those instruments taken by themselves. The words might indeed be used in appointing an agent, but they are not technically appropriate for that purpose, and we think they are, on the face of them, equally appropriate if the purpose of Mrs. Franklin was simply to waive the right to take possession of the goods in case they should be sold in the ordinary course of business.

There are other exceptions in the case, but we find no error set out in any of them, except so far as some of the instructions may perhaps assume the correctness of the instruction above recited.

The first exception will be sustained and the remaining exceptions overruled, and the case remanded for a new trial.

*Exception sustained.*